# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9039 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Clarence R. Jones (A-93031) v. Adam Monreal, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Clarence Jones' motion for leave to proceed *in forma pauperis* [3] is denied. Jones' complaint is dismissed without prejudice. He is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) submit an acceptable amended complaint. The clerk shall forward an amended civil rights complaint form to Jones. His motion for the appointment of counsel [4] is denied without prejudice.

■ **[For further details see text below.]**                                    Docketing to mail notices.

---

## STATEMENT

Plaintiff Clarence R. Jones, Logan Correctional Center inmate #A-93031, has filed a civil rights complaint against a Chicago Police Officer, Prisoner Review Board members, several parole agents, Wexford Health Sources, the Director of Medical Services at Logan, and the Director of the Illinois Department of Corrections. Jones alleges that, in 2010, parole officers and Prisoner Review Board members improperly found that Jones had violated his mandatory supervised release. When Jones arrived at Stateville Northern Reception and Classification Center ("NRC"), he received inadequate medical attention for his hypertension, his heart condition, and an aneurism. Jones also contends that the conditions at NRC are unsanitary, that parole violators are housed at NRC much longer than other inmates, and that parole violators are unfairly treated the same as general population inmates.

Jones' *in forma pauperis* application shows that, at the time he filed this suit, his prison trust fund balance was $699.52. Because Jones is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status. 28 U.S.C. § 1915(b); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Jones is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If Jones does not pay the filing fee within 30 days of the date of this order, the court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988); Local Rule 3.3. **(CONTINUED)**

| | isk |
|---|---|

Additionally, Jones' complaint cannot proceed as currently drafted. The complaint alleges several unrelated claims against different defendants: inadequate or improper parole revocation procedures; deliberate indifference to serious medical needs; and conditions of confinement. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007). The court also notes that Jones' claims about improper parole revocation procedures may not be brought in a 42 U.S.C. § 1983 civil rights suit if success with such claims would call into question the validity of his incarceration. Instead, the claims must be brought either in state court or in a federal petition for a writ of habeas corpus. *See Copus v. City of Edgerton,* 96 F.3d 1038, 1039 (7th Cir. 1996) (a court cannot address a claim in a § 1983 action that would call into the question the validity of the claimant's confinement, and a court cannot convert a § 1983 action into a habeas petition). The complaint is therefore dismissed and, in addition to paying the filing fee, Jones must submit an amended complaint to continue with this suit.

Accordingly, to proceed with this case, Jones must, within 30 days of the date of this order: (1) prepay the $350 filing fee, and (2) submit an amended complaint that states related claims for which this court can grant relief. Failure to comply within 30 days may be construed as Jones' desire not to proceed with this case and will result in summary dismissal. If Jones files an amended complaint, he must submit a judge's copy and a service copy for each named Defendant. Also, an amended complaint replaces previously filed complaints and must stand complete on its own. The court will refer only the amended complaint to determine what Jones' claims are and who the defendants to this case are.

Jones' motion for the appointment of counsel is denied without prejudice. This case currently does not involve complex issues of law or discovery, and Jones' complaint demonstrates that he is competent to represent himself at this time. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).